# BUCHANAN-ANDERSON-NELSON COMPANY
## *v.* BREEN & KENNEDY, A CORPORATION.

---

TRADEMARKS, OPPOSITION TO REGISTRATION OF; CONSTITUTIONAL LAW.

1. In determining whether the opposition by a whisky manufacturer, the owner of a trademark, to the registration of a rival's trademark, shall prevail, this court will not consider whether either of the names "Anderson" and "Henderson," found in the trademarks respectively, is the proper subject of registration under the trademark act, but will merely consider whether the resemblance between the two marks as used is calculated to deceive and mislead the public into purchasing the whisky of one manufacturer under the belief that it is the whisky of the other.

2. Where there is not the slightest similarity between two whisky trademarks, except that one contains the name "Henderson" and one the name "Anderson," the owner of the former is entitled to registration over the opposition of the latter.

3. The constitutionality of the trademark act of Congress of February 20, 1905, cannot be properly questioned by the owner of a trademark, who, as permitted by that act, opposes the registration of a rival's trademark. (Following *Gaines* v. *Carlton Importation Co., ante,* 571.)

No. 351.   Patent Appeals.   Submitted March 20, 1906.   Decided June 5, 1906.

HEARING on an appeal by the opponent of an application for registration of a trademark, from a decision of the Commissioner of Patents granting the application.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. James L. Hopkins, Mr. P. Lewis Anderson,* and *Mr. John S. Barker* for the appellant.

*Mr. Arthur E. Wallace* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Breen and Kennedy, a corporation, on March 12, 1905, filed an application in regular form for the registration of a trademark used on packages of whisky, and described as follows: "The word Henderson on a ribbon design beneath which is a shield upon which is a monogram composed of the letters and character B. & K."

Publication of the application was made, and on August 11, 1905, the appellant, the Buchanan-Anderson-Nelson Company, filed an opposition to the registration of the appellee's mark, on the ground that it is the owner of a trademark for whisky, consisting of the word "Anderson," and that the mark "Henderson" is calculated to deceive and mislead the public into the false belief that the applicant's whisky is the whisky of the Buchanan-Anderson-Nelson Company, and the application is a fraudulent attempt to appropriate the latter's trademark. An amendment to the opposition was made September 29, 1905, in which it was alleged that the trademark "Anderson" had been registered in the Patent Office by the Anderson-Nelson Company, the predecessor of the appellant.

This mark consists of the representation of a Maltese or Templar cross, and a panel below the same bearing the word "Anderson" in white letters; the cross and panel appearing in red and each having a border in gold, as shown in a facsimile accompanying the application for its registration. This may be arranged in connection with any suitable descriptive matter, without materially altering the character of the trademark, the essential feature of which is a Maltese or Templar cross

and a panel below the same having the word "Anderson" in white letters; the cross and panel appearing in red and each having a border of gold.

The appellant further objected to the registration of appellee's mark, on the ground that the act of February 20, 1905, under which the application had been made, was unconstitutional.

The Examiner of Interferences sustained a demurrer to the opposition, and held that the applicant was entitled to the registration of his mark.

The Commissioner affirmed this decision, and a further appeal has been taken to this court.

We have nothing to do with the question whether either "Anderson" or "Henderson" is a proper subject of registration as a trademark under the statute. The single question for our determination is whether the resemblance between the two marks as used is calculated to deceive and mislead the public into purchasing Breen & Kennedy's whisky under the belief that it is the whisky of the Buchanan-Anderson-Nelson Co.

We are convinced that the adoption of the applicant's mark as described and illustrated in the record was with no purpose to copy or stimulate that of the appellant. There is not the slightest similarity between the two except as to the words "Anderson" and "Henderson." These are both well-known names of persons, counties, and towns, and there is no reasonable ground of confusion between them. It is not probable that the purchasing public will understand the word "Henderson" as indicating the goods put on the market by the owner of the mark "Anderson." One is as much entitled to claim the name "Henderson" as another is that of "Anderson."

The question as to the constitutionality of the statute is not considered for reasons stated in *Gaines* v. *Carlton Importation Co. ante,* 571.

We are of the opinion that the Commissioner was entirely right, and his judgment will, therefore, be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents as required by law.                    *Affirmed.*